IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PHILLIP WATTS,

      Plaintiff,                    No. 2:12-cv-0010 CKD P

      vs.

D. HICKS, et al.,

      Defendants.          ORDER

_____/

      Plaintiff, a state prisoner, proceeds pro se with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to the undersigned by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Additionally, plaintiff has consented to jurisdiction by a United States Magistrate Judge.

      I.  <u>In Forma Pauperis</u>

      Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, his request to proceed in forma pauperis will be granted.

      Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C.

§ 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to his prison trust account. These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. Screening of Plaintiff's Claims

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S.

1  at 678. When considering whether a complaint states a claim upon which relief can be granted,
2  the court must accept the allegations as true, <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007), and
3  construe the complaint in the light most favorable to the plaintiff, see <u>Scheuer v. Rhodes</u>, 416
4  U.S. 232, 236 (1974).

5  Plaintiff brings the instant complaint against nine named defendants. He alleges
6  that, on various occasions between October 12, 2010 and December 28, 2012, during lockdowns
7  at California State Prison ("CSP")-Solano, unnamed nurses failed to dispense the medication he
8  needs for pain relief and treatment of his diagnosed medical condition, which he describes as a
9  severe right hip injury and right leg nerve/paralysis damage. On each occasion that he did not
10 receive his prescribed medication, he suffered severe pain for up to seven hours.

11 "[T]o maintain an Eighth Amendment claim based on prison medical treatment,
12 an inmate must show 'deliberate indifference to serious medical needs.'" <u>Jett v. Penner</u>, 439
13 F.3d 1091, 1096 (9th Cir. 2006) (quoting <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976)). The two
14 part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by
15 demonstrating that 'failure to treat a prisoner's condition could result in further significant injury
16 or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need
17 was deliberately indifferent." <u>Jett</u>, 439 F.3d at 1096 (quoting <u>McGuckin v. Smith</u>, 974 F.2d
18 1050, 1059 (9th Cir. 1992), overruled on other grounds by <u>WMX Techs., Inc. v. Miller</u>, 104 F.3d
19 1133 (9th Cir. 1997) (en banc) (internal quotations omitted)).

20 Deliberate indifference is shown by "a purposeful act or failure to respond to a
21 prisoner's pain or possible medical need, and harm caused by the indifference." <u>Jett</u>, 439 F.3d at
22 1096 (citing <u>McGuckin</u>, 974 F.2d at 1060). In order to state a claim, a plaintiff must allege
23 sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an
24 excessive risk to [Plaintiff's] health ...." <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994). "[T]he
25 indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or
26 'medical malpractice' will not support this cause of action." <u>Broughton v. Cutter Laboratories</u>,

3

622 F.2d 458, 460 (9th Cir.1980) (citing Estelle, 429 U.S. at 105-06).

In addition, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Here, plaintiff's complaint sets forth six claims. For the reasons that follow, each of plaintiff's claims fails to state a cognizable claim for deliberate indifference under the Eighth Amendment, or any other Constitutional violation.

### A.  Claim I

Plaintiff's Claim I pertains solely to the actions of "unknown nurses" and fails to name any defendants. Accordingly, Claim I must be dismissed.

### B.  Claims II, III, and IV

Plaintiff alleges in Claim II that defendant Hicks, RN Supervisor, and defendant Austin, the Medical Chief Executive Officer, "fail[ed] to remedy known medical violations of subordinates" in their handling of plaintiff's administrative grievances. Dkt. No. 1 at 6, 14. Plaintiff alleges that defendants Hicks and Austin denied his grievances and incorrectly found that medical staff did not violate prison policy by not providing plaintiff with his medication. Dkt. No. 1 at 26. Defendants Hicks and Austin further failed to take "any other remedial action regarding the subject matter expressed" in plaintiff's grievances. Dkt. No. 1 at 26.

Plaintiff's Claim III names, in addition to defendants Hicks and Austin, defendant Williams, RN Supervisor, and defendants Sumner and Aultman, whom plaintiff alleges are Medical Employee/Supervisors. Dkt. No. 1 at 6, 8, 15. Plaintiff alleges the five defendants named in Claim III improperly adjudicated "partial" reviews to the medical grievances he

submitted. Dkt. No. 1 at 15.

In Claim IV, plaintiff alleges that defendants Fleischman and Davis, whom he alleges are Appeals Coordinators at CSP-Solano, "misused/abused their authority/discretion" to reject his properly submitted medical grievances. Dkt. 1 at 16. In particular, defendants Davis and Fleischman either improperly found his grievances to be duplicative, or improperly consolidated separately submitted medical grievances.

Thus, the roles of the defendants named in Claims II, III, and IV were limited to either supervisory duties and/or the processing of plaintiff's administrative grievances. Plaintiff fails to identify an affirmative act, participation in another's affirmative act, or failure to perform a legally required act by these defendants which actually caused the deprivation at issue, i.e., plaintiff's non-receipt of his medication during lockdowns at CSP-Solano.

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between the supervisor and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, the prison grievance procedure does not confer any substantive rights upon inmates, and, therefore actions in reviewing and denying inmate appeals cannot serve as a basis for liability under section 1983. See Ramirez v. Galaza, 334 F.3d 805, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also George v. Smith, 507 F.3d 605-609-10 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation"); Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999) (prison officials whose only roles involved the denial of the prisoner's administrative grievances cannot

be held liable under section 1983).

The defendants named in Claims II, III, and IV are not alleged to have made any medical decision or omission in failing to deliver plaintiff's medication. Their roles as supervisory staff or grievance adjudicators do not suffice, in this case, to show the requisite participation in the constitutional deprivation. Even construing the complaint in the light most favorable to plaintiff and accepting all allegations in the complaint as true, these defendants did not cause or participate in the misconduct at issue, which was the failure by the unnamed nurses to deliver plaintiff's medication during lock-downs at CSP-Solano. Claims II, III and IV are based solely on allegations of supervisory liability, or allegations that plaintiff's administrative grievances were not properly processed or adjudicated. Claims II, III and IV fail to state cognizable claims under section 1983 and must be dismissed.

### C. Claim V

Plaintiff's Claim V names defendant Swarthout, the Warden at CSP-Solano. Dkt. 1 at 17. Plaintiff alleges the Warden is responsible for implementing the policies, procedures, and practices which impeded his prescribed medical treatment. Plaintiff fails to allege defendant Swarthout's direct involvement in the incidents described. Accordingly, Claim V must also be dismissed.

### D. Claim VI

Plaintiff's Claim VI names the State of California as the sole defendant. Plaintiff alleges the State of California is liable for all violations of the CSP-Solano employees described in the complaint.

Unless waived, the Eleventh Amendment bars a federal court award of damages under section 1983 against a state, state agency, or state official sued in an official capacity. Quern v. Jordan, 440 U.S. 332, 342 (1979). In addition, a claim under section 1983 lies only against "a person acting under color of State law." 42 U.S.C. § 1983. Neither a state nor a state official sued in an official capacity for monetary damages is a "person" for purposes of a section

1983 damages action. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). Therefore, even if a state were to waive its Eleventh Amendment immunity, an action against the state government entity or a state official sued in an official capacity for monetary damages would still be barred. Id. Accordingly, plaintiff's claim against the State of California must be dismissed.

      The court additionally notes that plaintiff attempted to name each individual, non-entity defendant in Claims II, III, IV and V in his or her official capacity. "[A]n official capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166 (1985). Plaintiff's claims against the individual defendants in their official capacity are likewise barred.

### III. Conclusion

      Construing the complaint and its attachments in the light most favorable to plaintiff, the court finds that plaintiff has not alleged that any named defendant's actions rose to the level of deliberate indifference under the Eighth Amendment standard set forth above. Nor has he stated a cognizable claim for any other constitutional violation. Although the deficiencies described herein likely cannot be cured by amendment, the complaint will be dismissed with leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints).

      If plaintiff chooses to amend his complaint to attempt to state a cognizable claim, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of his constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.

1978). As set forth, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey, 673 F.2d at 268.

In addition, plaintiff is hereby notified that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Forsyth v. Humana, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967)). If plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in any amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (Dkt. No. 2) is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint (Dkt. No. 1) is DISMISSED.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file

///
///
///
///
///

1. an original and two copies of the amended complaint; failure to file an amended complaint in
2. accordance with this order will result in a recommendation that this action be dismissed.
3. Dated: October 1, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8
watt0010.14a.new