1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   PHILLIP WATTS,

11          Plaintiff,                    No. 2:12-cv-0010 CKD P

12      vs.

13   D. HICKS, et al.,

14          Defendants.                   <u>ORDER</u>

15   _____/

16          Plaintiff, a state prisoner, proceeds pro se with a civil rights complaint filed

17   pursuant to 42 U.S.C. § 1983.  Plaintiff has requested leave to proceed in forma pauperis

18   pursuant to 28 U.S.C. § 1915.  This proceeding was referred to the undersigned by Local Rule

19   302 pursuant to 28 U.S.C. § 636(b)(1).  Additionally, plaintiff has consented to jurisdiction by a

20   United States Magistrate Judge.

21          I.  <u>In Forma Pauperis</u>

22          Plaintiff has submitted a declaration that makes the showing required by 28

23   U.S.C. § 1915(a).  Accordingly, his request to proceed in forma pauperis will be granted.

24          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

25   U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently

26   without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C.

1   § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the preceding

2   month's income credited to his prison trust account.  These payments shall be collected and

3   forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's

4   account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

5                  II.  Screening of Plaintiff's Claims

6                  The court is required to screen complaints brought by prisoners seeking relief

7   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

8   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

9   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

10  granted, or that seek monetary relief from a defendant who is immune from such relief.  28

11  U.S.C. § 1915A(b)(1),(2).

12                 A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

13  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

14  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

15  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

16  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

17  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

18  Cir. 1989); Franklin, 745 F.2d at 1227.

19                 In order to avoid dismissal for failure to state a claim, a complaint must contain

20  more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements

21  of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other

22  words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

23  statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim

24  upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A

25  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

26  the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S.

1  at 678.  When considering whether a complaint states a claim upon which relief can be granted,

2  the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and

3  construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416

4  U.S. 232, 236 (1974).

5          Plaintiff brings the instant complaint against nine named defendants.  He alleges

6  that, on various occasions between October 12, 2010 and December 28, 2012, during lockdowns

7  at California State Prison ("CSP")-Solano, unnamed nurses failed to dispense the medication he

8  needs for pain relief and treatment of his diagnosed medical condition, which he describes as a

9  severe right hip injury and right leg nerve/paralysis damage.  On each occasion that he did not

10 receive his prescribed medication, he suffered severe pain for up to seven hours.

11         "[T]o maintain an Eighth Amendment claim based on prison medical treatment,

12 an inmate must show 'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439

13 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  The two

14 part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by

15 demonstrating that 'failure to treat a prisoner's condition could result in further significant injury

16 or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need

17 was deliberately indifferent."  Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d

18 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d

19 1133 (9th Cir. 1997) (en banc) (internal quotations omitted)).

20         Deliberate indifference is shown by "a purposeful act or failure to respond to a

21 prisoner's pain or possible medical need, and harm caused by the indifference."  Jett, 439 F.3d at

22 1096 (citing McGuckin, 974 F.2d at 1060).  In order to state a claim, a plaintiff must allege

23 sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an

24 excessive risk to [Plaintiff's] health ...."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  "[T]he

25 indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or

26 'medical malpractice' will not support this cause of action."  Broughton v. Cutter Laboratories,

1  622 F.2d 458, 460 (9th Cir.1980) (citing Estelle, 429 U.S. at 105-06).

2         In addition, there must be an actual connection or link between the actions of the

3  defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v.

4  Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A

5  person 'subjects' another to the deprivation of a constitutional right, within the meaning of

6  § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to

7  perform an act which he is legally required to do that causes the deprivation of which complaint

8  is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

9         Here, plaintiff's complaint sets forth six claims.  For the reasons that follow, each

10  of plaintiff's claims fails to state a cognizable claim for deliberate indifference under the Eighth

11  Amendment, or any other Constitutional violation.

12         A.  Claim I

13         Plaintiff's Claim I pertains solely to the actions of "unknown nurses" and fails to

14  name any defendants.  Accordingly, Claim I must be dismissed.

15         B.  Claims II, III, and IV

16         Plaintiff alleges in Claim II that defendant Hicks, RN Supervisor, and defendant

17  Austin, the Medical Chief Executive Officer, "fail[ed] to remedy known medical violations of

18  subordinates" in their handling of plaintiff's administrative grievances.  Dkt. No. 1 at 6, 14.

19  Plaintiff alleges that defendants Hicks and Austin denied his grievances and incorrectly found

20  that medical staff did not violate prison policy by not providing plaintiff with his medication.

21  Dkt. No. 1 at 26.  Defendants Hicks and Austin further failed to take "any other remedial action

22  regarding the subject matter expressed" in plaintiff's grievances.  Dkt. No. 1 at 26.

23         Plaintiff's Claim III names, in addition to defendants Hicks and Austin, defendant

24  Williams, RN Supervisor, and defendants Sumner and Aultman, whom plaintiff alleges are

25  Medical Employee/Supervisors.  Dkt. No. 1 at 6, 8, 15.  Plaintiff alleges the five defendants

26  named in Claim III improperly adjudicated "partial" reviews to the medical grievances he

4

1  submitted.  Dkt. No. 1 at 15.

2          In Claim IV, plaintiff alleges that defendants Fleischman and Davis, whom he

3  alleges are Appeals Coordinators at CSP-Solano, "misused/abused their authority/discretion" to

4  reject his properly submitted medical grievances.  Dkt. 1 at 16.  In particular, defendants Davis

5  and Fleischman either improperly found his grievances to be duplicative, or improperly

6  consolidated separately submitted medical grievances.

7          Thus, the roles of the defendants named in Claims II, III, and IV were limited to

8  either supervisory duties and/or the processing of plaintiff's administrative grievances.  Plaintiff

9  fails to identify an affirmative act, participation in another's affirmative act, or failure to perform

10  a legally required act by these defendants which actually caused the deprivation at issue, i.e.,

11  plaintiff's non-receipt of his medication during lockdowns at CSP-Solano.

12          Supervisory personnel are generally not liable under section 1983 for the actions

13  of their employees under a theory of respondeat superior and, therefore, when a named defendant

14  holds a supervisorial position, the causal link between the supervisor and the claimed

15  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

16  (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.

17  941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel

18  in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

19  Cir. 1982).

20          In addition, the prison grievance procedure does not confer any substantive rights

21  upon inmates, and, therefore actions in reviewing and denying inmate appeals cannot serve as a

22  basis for liability under section 1983.  See Ramirez v. Galaza, 334 F.3d 805, 860 (9th Cir. 2003);

23  Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also George v. Smith, 507 F.3d 605-609-

24  10 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or

25  contribute to the violation"); Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999) (prison

26  officials whose only roles involved the denial of the prisoner's administrative grievances cannot

be held liable under section 1983).

The defendants named in Claims II, III, and IV are not alleged to have made any medical decision or omission in failing to deliver plaintiff's medication.  Their roles as supervisory staff or grievance adjudicators do not suffice, in this case, to show the requisite participation in the constitutional deprivation.  Even construing the complaint in the light most favorable to plaintiff and accepting all allegations in the complaint as true, these defendants did not cause or participate in the misconduct at issue, which was the failure by the unnamed nurses to deliver plaintiff's medication during lock-downs at CSP-Solano.  Claims II, III and IV are based solely on allegations of supervisory liability, or allegations that plaintiff's administrative grievances were not properly processed or adjudicated.  Claims II, III and IV fail to state cognizable claims under section 1983 and must be dismissed.

C.  Claim V

Plaintiff's Claim V names defendant Swarthout, the Warden at CSP-Solano.  Dkt. 1 at 17.  Plaintiff alleges the Warden is responsible for implementing the policies, procedures, and practices which impeded his prescribed medical treatment.  Plaintiff fails to allege defendant Swarthout's direct involvement in the incidents described.  Accordingly, Claim V must also be dismissed.

D.  Claim VI

Plaintiff's Claim VI names the State of California as the sole defendant.  Plaintiff alleges the State of California is liable for all violations of the CSP-Solano employees described in the complaint.

Unless waived, the Eleventh Amendment bars a federal court award of damages under section 1983 against a state, state agency, or state official sued in an official capacity.  Quern v. Jordan, 440 U.S. 332, 342 (1979).  In addition, a claim under section 1983 lies only against "a person acting under color of State law."  42 U.S.C. § 1983.  Neither a state nor a state official sued in an official capacity for monetary damages is a "person" for purposes of a section

1   1983 damages action.  Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989).

2   Therefore, even if a state were to waive its Eleventh Amendment immunity, an action against the

3   state government entity or a state official sued in an official capacity for monetary damages

4   would still be barred.  Id.  Accordingly, plaintiff's claim against the State of California must be

5   dismissed.

6          The court additionally notes that plaintiff attempted to name each individual, non-

7   entity defendant in Claims II, III, IV and V in his or her official capacity.  "[A]n official capacity

8   suit is, in all respects other than name, to be treated as a suit against the entity."  Kentucky v.

9   Graham, 473 U.S. 159, 166 (1985).  Plaintiff's claims against the individual defendants in their

10  official capacity are likewise barred.

11          III.  Conclusion

12          Construing the complaint and its attachments in the light most favorable to

13  plaintiff, the court finds that plaintiff has not alleged that any named defendant's actions rose to

14  the level of deliberate indifference under the Eighth Amendment standard set forth above.  Nor

15  has he stated a cognizable claim for any other constitutional violation.  Although the deficiencies

16  described herein likely cannot be cured by amendment, the complaint will be dismissed with

17  leave to amend.  See Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district

18  courts must afford pro se litigants an opportunity to amend to correct any deficiency in their

19  complaints).

20          If plaintiff chooses to amend his complaint to attempt to state a cognizable claim,

21  plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of his

22  constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint

23  must allege in specific terms how each named defendant is involved.  There can be no liability

24  under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a

25  defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v.

26  Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.

7

1978).  As set forth, vague and conclusory allegations of official participation in civil rights

violations are not sufficient.  Ivey, 673 F.2d at 268.

In addition, plaintiff is hereby notified that Local Rule 220 requires that an

amended complaint be complete in itself without reference to any prior pleading.  This is

because, as a general rule, an amended complaint supersedes the original complaint.  See Forsyth

v. Humana, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the

original, the latter being treated thereafter as non-existent.'") (quoting Loux v. Rhay, 375 F.2d

55, 57 (9th Cir. 1967)).  If plaintiff files an amended complaint, the original pleading no longer

serves any function in the case.  Therefore, in any amended complaint, as in an original

complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis (Dkt. No. 2) is

GRANTED.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

The fee shall be collected and paid in accordance with this court's order to the Director of the

California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Plaintiff's complaint (Dkt. No. 1) is DISMISSED.

4.  Plaintiff is granted thirty days from the date of service of this order to file an

amended complaint that complies with the requirements of the Civil Rights Act, the Federal

Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file

///

///

///

///

///

8

1   an original and two copies of the amended complaint; failure to file an amended complaint in

2   accordance with this order will result in a recommendation that this action be dismissed.

3     Dated: October 1, 2012

4

5                                                     CAROLYN K. DELANEY
                                                      UNITED STATES MAGISTRATE JUDGE
6

7

8

9   8
    watt0010.14a.new

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26