UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PHILLIP WATTS,

    Plaintiff,

  v.

D. HICKS, et al.,

    Defendants.

No. 2:12-cv-0010 CKD P

ORDER

    Plaintiff, a state prisoner proceeding pro se and in forma pauperis, seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff has consented to this court's jurisdiction pursuant to 28 U.S.C. § 636(c) and Local Rule 302. (ECF No. 4.) Plaintiff commenced this action on January 3, 2012. (ECF No. 1.) Before the court for screening is plaintiff's second amended complaint. 28 U.S.C. § 1915(A)(a). (ECF No. 22 ("SAC").)

    Plaintiff alleges that, during prison lockdowns at CSP-Solano between October 2010 and May 2011, medical staff on several occasions failed to dispense his prescribed morphine and Gabapentin, causing him to suffer pain from a hip injury and nerve damage in his right leg for "up to seven hours" at a time. (See SAC at 19, 23.)

    Plaintiff's original complaint was dismissed for failure to state a cognizable claim for medical indifference under the Eighth Amendment, and he was granted leave to amend. (ECF No. 5.) Plaintiff filed a first amended complaint (ECF No. 19) and, before it could be screened,

1

1  "made a showing that he [had] new information as to the identities of certain defendants" and was
2  granted leave to file the instant SAC. (ECF No. 21.)
3        Denial or delay of medical care for a prisoner's serious medical needs may constitute a
4  violation of the prisoner's Eighth and Fourteenth Amendment rights. Estelle v. Gamble, 429 U.S.
5  97, 104-05 (1976). An individual is liable for such a violation only when the individual is
6  deliberately indifferent to a prisoner's serious medical needs. Id.; see Jett v. Penner, 439 F.3d
7  1091, 1096 (9th Cir. 2006); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002).
8        In applying this standard, the Ninth Circuit has held that before it can be said that a
9  prisoner's civil rights have been abridged, "the indifference to his medical needs must be
10 substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this
11 cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing
12 Estelle, 429 U.S. at 105-06). Even gross negligence is insufficient to establish deliberate
13 indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir.
14 1990). Furthermore, where a prisoner alleges that delay of medical treatment evinces deliberate
15 indifference, the prisoner must show that the delay caused "significant harm and that Defendants
16 should have known this to be the case." Hallett, 296 F.3d at 745-46; see McGuckin, 974 F.2d at
17 1060. Mere delay of medical treatment, "without more, is insufficient to state a claim of
18 deliberate medical indifference." Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404,
19 407 (9th Cir. 1985). A difference of opinion about the proper course of treatment is not deliberate
20 indifference, nor does a dispute between a prisoner and prison officials over the necessity for or
21 extent of medical treatment amount to a constitutional violation. See, e.g., Toguchi v. Chung,
22 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).
23       Having reviewed the SAC, the court concludes that, despite naming additional defendants,
24 plaintiff has failed to cure the defects of the original complaint. His allegations of negligence
25 resulting in brief delays in receiving pain medication do not rise to the level of an Eighth
26 Amendment violation. See Wood v. Housewright, 900 F.2d 1332, 1333 (to state claim for
27 deliberate indifference, plaintiff must allege "more than mere negligence or isolated occurrences
28 of neglect"); see also Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998) (alleged delay in

administering pain medication to inmate did not constitute deliberate indifference).

Because plaintiff has failed to a state a claim under §1983, and the court concludes that another round of amendment would be futile, the court will dismiss this action. See Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1298 (9th Cir. 1998) (court need not grant leave to amend if amendment would be futile).

In accordance with the above, IT IS HEREBY ORDERED that:

1. The second amended complaint (ECF No. 22) is dismissed; and

2. This action is closed.

Dated: November 13, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 /watt0010.sac